UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

MECENE ANESTAL,

    Plaintiff,

v.

THE BOCA RATON, LLC.

    Defendant.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MECENE ANESTAL, by and through his undersigned counsel, sues the Defendant, THE BOCA RATON, LLC, and alleges as follows:

### **JURISDICTION AND VENUE**

1. This is an action for damages and to remedy violations of the rights of MECENE ANESTAL under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760" or the "FCRA"), to redress injuries done to him by the Defendant, THE BOCA RATON, LLC ("Defendant").

2. The unlawful acts which gave rise to this Complaint occurred within Palm Beach County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

### **PARTIES**

3. At all times material hereto, Plaintiff has been a citizen and resident of Palm Beach County, Florida and is otherwise *sui juris*.

1

4. As a Christian Black man born in Haiti, Plaintiff is a member of a protected class under Title VII and Chapter 760, because the terms, conditions, and privileges of his employment were altered because of his race, national origin, and religion.

5. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and Chapter 760 (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

7. Plaintiff has exhausted his administrative remedies by filing two timely charges of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations and the Palm Beach County Office of Equal Opportunity.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on May 20, 2021 and a Notice of Right to Sue on July 16, 2021. This suit is filed in accordance with those Notices and within the applicable ninety (90) day time limitation (copies of the Notices are attached hereto as Exhibit "A" and Exhibit "B," respectively).

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Defendant hired Plaintiff on December 6, 1997. Plaintiff started in Housekeeping doing linen delivery. After a few months, the Defendant promoted the Plaintiff to the Supply

Department. In 1998, the Defendant reassigned the Plaintiff to the Banquet Department. From 1998 to March 2020, the Plaintiff worked in the Banquet Department as a server.

12. The Plaintiff's job duties were taking customer's food orders and then serving the requested food.

13. Plaintiff was qualified for the position he had based on his experience and training.

14. As the Defendant is aware, Plaintiff is a Christian Black man who was born in Haiti.

15. Around June 2019, Sean, a white American manager, told the Plaintiff, "If I was not white, I would rather be Jamaican than Haitian."

16. In October 2019, Roger, Hispanic Banquet Director, referred to the Plaintiff as a "dumb Haitian."  The Plaintiff reported this comment to Nancy, Food and Beverage Director. Nancy told Roger not to talk to the Plaintiff that way and required Roger to apologize.

17. In November 2019, due to the time change from daylight savings, the time clock had "rolled back" an hour during an overnight shift, so the Plaintiff's time reflected that he had worked an hour less than he actually had.  The Plaintiff reported the issue to his supervisor, Fernando  Fernando told the Plaintiff he would take care of it.  A week later, when the Plaintiff looked at his timecard, that hour was still missing.  The Plaintiff tried to resolve the issue by speaking with Devin, a white assistant, who told the Plaintiff to speak with Fernando.

18. That same day, out of nowhere, Sean and Magna, a Brazilian manager, accused the Plaintiff of saying that he was "going to cut off Fernando's head" because the Plaintiff's timecard was one hour short.  Fearful that this was discrimination as well as retaliation for the Plaintiff's recent report regarding Roger, the Plaintiff spoke with Sonia, Hispanic Assistant Director of Human Resources, to report the false accusation and the possible discrimination and associated retaliation.  Sonia assured the Plaintiff that he had not heard any accusations against him.

19. To the Plaintiff's surprise, the next day, Sonia told him that she was writing him up based on the very same false accusations she denied knowing about the previous day. When Sonia and Roger called the Plaintiff into a meeting later that day, Roger threatened to fire the Plaintiff if he ever spoke a single word or asked any questions going forward. He said, "you can only come to work and then go home."

20. In another act of discrimination and retaliation, on December 19, 2019, Nancy called the Plaintiff into her office because she allegedly had seen the Plaintiff in a group with other employees in Palm Court, a part of the Defendant's property. She claimed that the Plaintiff was talking, eating, and not dressed according to the Defendant's dress code, and that he was not permitted to be in Palm Court. The Plaintiff responded that he was not in Palm Court. She claimed she had pictures, but when Plaintiff requested to see the pictures, she refused to show them to the Plaintiff. Nancy said if the Plaintiff ever walked in Palm Court again, he would be fired, and that the Plaintiff's employee file had been noted.

21. Ever since the Plaintiff complained to Nancy about Roger's discriminatory remark, Defendant retaliated against Plaintiff h. After two decades of uneventful employment, supervisors for the Defendant began regularly following the Plaintiff around despite the fact that supervisors did not previously follow the Plaintiff. The Defendant also began regularly scheduling the Plaintiff to work on Sundays despite knowing that he was a preacher at a church. The Defendant told the Plaintiff that if he did not work Sundays, Defendant would fire him. Prior to Plaintiff's complaint, Defendant had not scheduled Plaintiff to work on Sundays.

22. Defendant laid off the Plaintiff in February 2020 purportedly due to Covid-19. The Plaintiff filed a charge of discrimination on March 10, 2020.

23. The Defendant started calling people back to work in October 2020. However, the Defendant did not call the Plaintiff back. Meanwhile, the Defendant called back Plaintiff's co-workers who had not complained of discrimination. For example, Defendant called back Ms. Luu Ivonna, a Chinese woman, to return to a Banquet server position.  Ms. Ivonna began working for Defendant at least five years after the Plaintiff. was even called back into work. The Defendant never called the Plaintiff back to work due to discriminatory and retaliatory reasons. On December 8, 2020, the Defendant sent the Plaintiff a termination letter stating that he would not be called back to work and his termination would be effective February 6, 2021.

24. The Plaintiff filed an additional charge of discrimination with the EEOC on March 29, 2021.

25. Plaintiff has engaged the undersigned attorney to prosecute his claims and is entitled to recover his attorney's fees from Defendant pursuant to statute.

## **COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Discrimination on the Basis of National Origin)**

26. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

27. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Defendant discriminated against Plaintiff on the basis of his national origin, Haitian.

28. Sean, Roger, Magna, Sonia, and Nancy, at all times relevant, were acting within the course and scope of their employment for Defendant.

29. Because Plaintiff is Haitian, Defendant discriminated against him, and the Defendant refused to take any action to prevent the discrimination.

30. Upon information and belief, non-Haitian, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

31. Upon information and belief, non-Haitian, similarly situated employees are not permitted to be harassed by management.

32. Upon information and belief, the Defendant takes seriously the complaints of non-Haitian, similarly situated employees.

33. Upon information and belief, the Defendant does not accuse non-Haitian, similarly situated employees of, nor reprimand them for, actions they did not take.

34. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff being discriminated against.

35. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

36. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay,

lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964, §706(g); attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

### COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of National Origin)**

37. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

38. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

39. Sean, Roger, Magna, Sonia, and Nancy, at all times relevant, were acting within the course and scope of their employment for Defendant.

40. Because Plaintiff is Haitian, Defendant discriminated against him, and the Defendant refused to take any action to prevent the discrimination.

41. Upon information and belief, non-Haitian, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

42. Upon information and belief, non-Haitian, similarly situated employees are not permitted to be harassed by management.

43. Upon information and belief, the Defendant takes seriously the complaints of non-Haitian, similarly situated employees.

44. Upon information and belief, the Defendant does not accuse non-Haitian, similarly situated employees of, nor reprimand them for, actions they did not take.

45. At all relevant and material times, Defendant failed to comply with the FCRA.

46. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

47. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

48. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his national origin in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

49. Defendant's discriminatory actions against Plaintiff were directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he is Haitian, in violation of the FCRA.

50. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's national origin.

51. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the FCRA; attorney's fees, costs, prejudgment and postjudgment interest, and such other and further relief as the Court deems just and appropriate.

### COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Race)**

52. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here

53. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Defendant discriminated against Plaintiff on the basis of his race, Black.

54. Sean, Roger, Magna, Sonia, and Nancy, at all times relevant, were acting within the course and scope of their employment for Defendant.

55. Because Plaintiff is Black, Defendant discriminated against him and refused to take any action to prevent the discrimination.

56. Upon information and belief, non-Black, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

57. Upon information and belief, non-Black, similarly situated employees are not permitted to be harassed by management.

58. Upon information and belief, the Defendant takes seriously the complaints of non-Black, similarly situated employees.

59. Upon information and belief, the Defendant does not accuse non-Black employees of, nor reprimand them for, actions they did not take.

60. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, which resulted in Defendant discriminating against Plaintiff.

61. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII.

62. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with Title VII; attorney's fees, costs, prejudgment and postjudgment interest, and such other and further relief as the Court deems just and appropriate.

### COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Race)**

63. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

64. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

65. Plaintiff is Black and therefore a member of a protected class.

66. Sean, Roger, Magna, Sonia, and Nancy, at all times relevant, were acting within the course and scope of their employment for Defendant.

67. Because Plaintiff is Black, Defendant discriminated against him and refused to take any action to prevent the discrimination.

68. Upon information and belief, non-Black, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

69. Upon information and belief, non-Black, similarly situated employees are not permitted to be harassed by management

70. Upon information and belief, the Defendant takes seriously the complaints of non-Black, similarly situated employees.

71. Upon information and belief, the Defendant does not accuse non-Black, similarly situated employees of, nor reprimand them for, actions they did not take.

72. At all relevant and material times, Defendant failed to comply with the FCRA.

73. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

74. At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was Black.

75. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

76. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

77. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his race in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

78. Defendant's discriminatory actions against Plaintiff were directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he is Black, in violation of the FCRA.

79. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's race.

80. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the FCRA; attorney's fees, costs, prejudgment and postjudgment interest, and such other and further relief as the Court deems just and appropriate.

## COUNT V: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Religion)**

81. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

82. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Defendant discriminated against Plaintiff on the basis of his religion, a practicing Christian.

83. Sean, Roger, Magna, Sonia, and Nancy, at all times relevant, were acting within the course and scope of their employment for Defendant.

84. Because Plaintiff is Christian, Defendant discriminated against Plaintiff when, after nearly two decades of employment, Defendant began scheduling him to work on Sundays in contravention of his religious beliefs.

85. Upon information and belief, non-Christian and non-practicing, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

86. Upon information and belief, the Defendant takes seriously the complaints of non-Christian and non-practicing, similarly situated employees.

87. Upon information and belief, the Defendant respects the religious beliefs of non-Christian and non-practicing, similarly situated employees and does not require them to work on days during which they request off due to their religion.

88. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Defendant discriminating against Plaintiff.

89. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with Title VII; attorney's fees, costs, prejudgment and postjudgment interest, and such other and further relief as the Court deems just and appropriate.

### COUNT VI: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Religion)**

90. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

91. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

92. Sean, Roger, Magna, Sonia, and Nancy, at all times relevant, were acting within the course and scope of their employment for Defendant

93. Plaintiff is a practicing Christian, and therefore a member of a protected class.

94. Because Plaintiff is a practicing Christian, Defendant discriminated against him and the Defendant refused to take any action to prevent the discrimination.

95. Upon information and belief, non-Christian and non-practicing, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

96. Upon information and belief, the Defendant takes seriously the complaints of non-Christian and non-practicing, similarly situated employees.

97. Upon information and belief, the Defendant respects the religious beliefs of non-Christian and non-practicing, similarly situated employees and does not require them to work on days during which they request off due to their religion.

98. At all relevant and material times, Defendant failed to comply with the FCRA.

99. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's religion.

100. At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was a practicing Christian.

101. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

102. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

103. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his religion in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial

104. Defendant's discriminatory actions against Plaintiff were directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he was a practicing Christian, in violation of the FCRA.

105. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's religion.

106. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the FCRA; attorney's fees, costs, prejudgment and postjudgment interest, and such other and further relief as the Court deems just and appropriate.

## COUNT VII: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Retaliation)**

107. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

108. Plaintiff had the right to voice his grievances to the Defendant regarding the fact that Defendant was discriminating against him based on his race, national origin, and religion.

109. Sean, Roger, Magna, Sonia, and Nancy, at all times relevant, were acting within the course and scope of their employment for Defendant.

110. After Plaintiff complained to human resources, Defendant began retaliating against Plaintiff by writing him up for things he did not do, telling him to remain silent at all times,

reprimanding him for being in areas of Defendant's property when he had not been there, regularly following him around, and scheduling him to work Sundays despite never having previously scheduled him for that day of the week.

111. After Defendant laid off Plaintiff due to Covid-19, Plaintiff filed a charge with the EEOC on March 10, 2020.

112. Defendant retaliated against Plaintiff by calling other employees to return to work starting in October 2020, but never calling Plaintiff back to work. Defendant further retaliated against Plaintiff by terminating his employment in December 2020.

113. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964.

114. Upon information and belief, Defendant's unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff. Defendant, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of those in direct contact with Plaintiff. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum to be determined at trial.

WHEREFORE, Plaintiff hereby requests this Court declare that Defendant's termination of Plaintiff was unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with Title VII; attorney's fees, costs,

prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

### COUNT VIII: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

115.   Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25 inclusive, as though same were fully re-written here.

116.   Plaintiff had the right to voice his grievances to the Defendant regarding the fact that Defendant was discriminating against him based on his race, national origin, and religion

117.   Sean, Roger, Magna, Sonia, and Nancy, at all times relevant, were acting within the course and scope of their employment for Defendant.

118.   After Plaintiff complained to human resources, Defendant began retaliating against Plaintiff by writing him up for things he did not do, telling him to remain silent at all times, reprimanding him for being in areas of Defendant's property when he had not been there, regularly following him around, and scheduling him to work Sundays despite never having previously scheduled him for that day of the week

119.   After Defendant laid off Plaintiff due to Covid-19, Plaintiff filed a charge with the EEOC on March 10, 2020

120.   Defendant retaliated against Plaintiff by calling other employees to return to work starting in October 2020, but never calling Plaintiff back to work.  Defendant further retaliated against Plaintiff by terminating his employment in December 2020.

121.   Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

122. Upon information and belief, Defendant's unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff. Defendant, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of those in direct contact with Plaintiff. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum to be determined at trial.

WHEREFORE, Plaintiff hereby requests this Court declare that Defendant's termination of Plaintiff was unlawful retaliation in violation of the FCRA, grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the FCRA; attorney's fees, costs, prejudgment and postjudgment interest, and such other and further relief as the Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

                                                                         Respectfully submitted this 18th day of August, 2021.

                                                                          By:  /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff